# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JO-AN JENKINS EVANS; ELIZABETH
JENKINS DEHARDIT; WENLLIAN JENKINS
STALLINGS; MARY JENKINS DANIELS,
Heirs of the Estate of William F.
Jenkins,

      *Plaintiffs-Appellants,*

v.

PARAMOUNT PICTURES CORPORATION,
      *Defendant-Appellee.*

No. 00-1487

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-99-1766-A)

Argued: February 28, 2001

Decided: April 20, 2001

Before WILKINSON, Chief Judge, KING, Circuit Judge, and
Cynthia Holcomb HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Stanley Clinton Spooner, NIXON & VANDERHYE,
P.C., Arlington, Virginia, for Appellants. Marcia B. Paul, KAY,

COLLYER & BOOSE, L.L.P., New York, New York, for Appellee. **ON BRIEF:** Robert W. Adams, Robert A. Rowan, NIXON & VANDERHYE, P.C., Arlington, Virginia, for Appellants. Catherine A. McHale, KAY, COLLYER & BOOSE, L.L.P., New York, New York; John F. Anderson, RICHARDS, MCGETTIGAN, REILLY & WEST, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Plaintiffs sued Paramount Pictures Corp. for trademark infringement pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125. The district court dismissed their claims on summary judgment. *See Heirs of Estate of Jenkins v. Paramount Pictures Corp.*, 90 F. Supp.2d 706 (E.D. Va. 2000). Finding no error, we affirm.

Plaintiffs are the heirs of William F. Jenkins, a science fiction writer. Among Jenkins' works is the short story "First Contact," which was published in 1945 in the magazine *Astounding Science-Fiction*. The story is the tale of humankind's first encounter with alien life. Although there are many such stories, Jenkins' tale is widely considered to be the archetype of this plot.

Defendant Paramount Pictures owns all of the Star Trek properties. Included in the Star Trek franchise are numerous motion pictures, several television series, and a vast array of merchandise. In 1996 Paramount released the eighth Star Trek motion picture, entitled: "Star Trek: First Contact." As did Jenkins' short story, the movie recounts Earth's first contact with alien life. Paramount applied for and received various trademark registrations for the phrase "Star Trek: First Contact." It has used these marks to sell a wide variety of goods associated with its movie.

Plaintiffs filed suit, alleging that Paramount's use of the phrase "First Contact" violated their trademark rights. The suit sought injunctive relief, damages, and cancellation of Paramount's mark. As the district court noted, however, the title of a single expressive work is entitled to trademark protection only upon a showing that it is not generic and that it has taken on a secondary meaning. *Id.* at 710 n.12, 711. The district court granted summary judgment to Paramount on all claims because "First Contact" is generic and because, as the title of Jenkins' story, "First Contact" has failed to take on any secondary meaning.

With respect to genericness, the district court noted that "a generic term is one that refers to the genus of which the particular product is a species." *Id.* at 711 (quoting *Park 'n Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985)). Based on this principle, the district court concluded that "the title of a single expressive work is generic if that title is the name of a subcategory of which the work in question is a member." *Jenkins*, 90 F. Supp.2d at 711. Here, it is undisputed that the phrase "first contact" describes the genre of stories recounting Earth's first encounter with extraterrestrial life. *See id.* at 711-12 n.18. Accordingly, the district court held that "First Contact" must be generic because it has come to describe an entire genre of science fiction stories of which Jenkins' work is merely one, albeit the seminal, example.

Moreover, the district court held that even if "First Contact" were descriptive rather than generic, it still would not be entitled to trademark protection because plaintiffs failed to adduce any evidence of secondary meaning. "Marks that are merely descriptive are accorded protection only if they have acquired a secondary meaning, that is, if in the minds of the public, the primary significance of a product feature or term is to identify the source of the product rather than the product itself." *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 (4th Cir. 1996) (internal quotation marks omitted). A "title of a single expressive work has secondary meaning when 'the title is sufficiently well known that consumers associate it with a particular author's work.'" *Jenkins*, 90 F. Supp.2d at 713 (quoting *Rogers v. Grimaldi*, 875 F.2d 994, 998 (2d Cir. 1989)).

We have held that the following seven factors are relevant to the question of secondary meaning: (1) advertising expenditures; (2) con-

sumer studies linking the mark to the source; (3) sales success; (4) unsolicited media coverage of the work; (5) attempts to plagiarize the mark; (6) the length and exclusivity of the mark's use; and (7) evidence of actual confusion. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 125 (4th Cir. 1990); *Lone Star Steakhouse & Saloon v. Alpha of Va.*, 43 F.3d 922, 936 n.16 (4th Cir. 1995). Evaluating the evidence in the light most favorable to Jenkins' heirs, the district court found that "none of the relevant factors operate in plaintiffs' favor." *Jenkins*, 90 F. Supp.2d at 713. For example, there was no evidence of any effort to advertise the mark, no evidence from contemporaneous consumer studies, no evidence of attempts to plagiarize the mark, and no evidence of exclusive use. *See id.* at 713-14. Thus the court held that even if "First Contact" were descriptive, summary judgment would still be proper because of the absence of any evidence of secondary meaning.

Having had the benefit of oral argument and the parties' briefs, we conclude that the district court correctly granted summary judgment to Paramount. Accordingly, we affirm on the thorough opinion of the district court.

*AFFIRMED*